UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KARYN WITTE, individually and on behalf of all others similarly situated, | No. 1:23-cv-10461-TLL-PTM |
| Plaintiff, | Hon. Thomas L. Ludington |
| | Mag. Judge Patricia T Morris |
| v. | |
| THE MEDILODGE GROUP, INC. | |
| Defendant. | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

For its Answer to Plaintiff's Complaint, Defendant The Medilodge Group, Inc., states as follows:

## I.  OVERVIEW

1. Defendant admits Plaintiff purports to assert claims on behalf of a collective and a class. Defendant denies all allegations in Paragraph 1 not expressly admitted herein.

2. Defendant admits Plaintiff purports to assert claims on behalf of a collective and a class. Defendant denies all allegations in Paragraph 2 not expressly admitted herein.

3. Defendant denies the allegations in Paragraph 3.

4. Defendant denies the allegations in Paragraph 4.

5. Defendant denies the allegations in Paragraph 5.

6. Defendant denies the allegations in Paragraph 6.

7. Defendant denies the allegations in Paragraph 7.

8. Defendant admits Plaintiff was not classified as an exempt employee during her employment with Defendant. Defendant is without information sufficient to admit or deny the remaining allegations in Paragraph 8 and therefore denies them.

9. Defendant admits Plaintiff seeks to recover unpaid wages and damages. Defendant denies Plaintiff is entitled to unpaid wages and damages, and denies all allegations in Paragraph 9 not expressly admitted herein.

10. Defendant admits Plaintiff seeks to send notice of this lawsuit to others. Defendant denies such notice is warranted or appropriate, and denies all allegations in Paragraph 10 not expressly admitted herein.

11. Defendant admits Plaintiff seeks certification of a class. Defendant denies class treatment is warranted or appropriate, and denies all allegations in Paragraph 11 not expressly admitted herein.

## II. THE PARTIES

12. Defendant admits Plaintiff previously worked for Defendant. Defendant denies all allegations in Paragraph 12 not expressly admitted herein.

13. Defendant admits Plaintiff purports to assert claims on behalf of a collective. Defendant denies collective treatment is appropriate, and denies all allegations in Paragraph 13 not expressly admitted herein.

14. Defendant admits Plaintiff purports to assert claims on behalf of a class. Defendant denies class treatment is appropriate, and denies all allegations in Paragraph 14 not expressly admitted herein.

15. Defendant admits the allegations in Paragraph 15.

### III.   JURISDICTION AND VENUE

16. Defendant admits Plaintiff's federal claims arise under the laws of the United States. Defendant denies all allegations in Paragraph 16 not expressly admitted herein.

17. Defendant admits Plaintiff's state law claims form part of the same case or controversy as her federal claims. Defendant denies all allegations in Paragraph 17 not expressly admitted herein.

18. Defendant denies the allegations in Paragraph 18.

19. Defendant denies the allegations in Paragraph 19.

20. Defendant admits it is subject to personal jurisdiction in Michigan. Defendant denies all allegations in Paragraph 20 not expressly admitted herein.

21. Defendant denies the allegations in Paragraph 21, and specifically denies that the "events or omissions" alleged in the Complaint occurred at all.

22. Defendant denies the allegations in Paragraph 22.

### IV.   BACKGROUND FACTS

23. Defendant admits the allegations in Paragraph 23.

24. Defendant admits it employs employees. Defendant denies all allegations in Paragraph 24 not expressly admitted herein.

25. Defendant admits it provides employees with a break, that it deducts the break from its employees' timesheets, and that its employees can cancel the deduction if they do not take the break. Defendant denies all allegations in Paragraph 25 not expressly admitted herein.

26. Defendant admits Plaintiff purports to assert collective and class claims on behalf of the employees identified in Paragraph 26. Defendant denies collective or class treatment is warranted or appropriate and denies all allegations in Paragraph 26 not expressly admitted herein.

27. Defendant is without information sufficient to admit or deny the allegations in Paragraph 27 and therefore denies them.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant is without information sufficient to admit or deny the allegations in Paragraph 29 and therefore denies them.

30. Defendant admits it employed Plaintiff as an LPN from October 2018 to September 2020, and from May 2021 to December 2021. Defendant denies all allegations in Paragraph 30 not expressly admitted herein.

31. Defendant is without information sufficient to admit or deny the allegations in Paragraph 31 and therefore denies them.

32. Defendant admits Plaintiff completed a Medilodge work application. Defendant is without information sufficient to admit or deny the remaining allegations in Paragraph 32 and therefore denies them.

33. Defendant admits Plaintiff completed a Medilodge work application. Defendant is without information sufficient to admit or deny the remaining allegations in Paragraph 33 and therefore denies them.

34. Defendant admits the allegations in Paragraph 34.

35. Defendant admits it provided Plaintiff with its policies and procedures, and that Plaintiff acknowledged receipt of those policies and procedures. Defendant is without information sufficient to admit or deny the remaining allegations in Paragraph 35 as the term "regularly" is subject to multiple interpretations. Accordingly, Defendant denies all allegations in Paragraph 35 not expressly admitted herein.

36. Defendant admits it provides a handbook to its employees. Defendant denies all allegations in Paragraph 36 not expressly admitted herein.

37. Defendant is without information sufficient to admit or deny the allegations in Paragraph 37 and therefore denies them.

38. Defendant is without information sufficient to admit or deny the allegations in Paragraph 38 and therefore denies them.

39. Defendant is without information sufficient to admit or deny the allegations in Paragraph 39 and therefore denies them.

40. Defendant is without information sufficient to admit or deny the allegations in Paragraph 40 and therefore denies them.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant admits it provides employees with a break, that it deducts the break from its employees' timesheets, and that its employees can cancel the deduction if they do not take the break. Defendant denies all allegations in Paragraph 45 not expressly admitted herein.

46. Defendant denies the allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant admits it provides employees with a break, that it deducts the break from its employees' timesheets, and that its employees can cancel the deduction if they do not take the break. Defendant denies all allegations in Paragraph 49 not expressly admitted herein.

50. Defendant admits it provides employees with a break, that it deducts the break from its employees' timesheets, and that its employees can cancel the deduction if they do not take the break. Defendant denies all allegations in Paragraph 50 not expressly admitted herein.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

60. Defendant denies the allegations in Paragraph 60.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67.

## V.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Collective Action Allegations)**

**A.   FLSA COVERAGE**

68. Defendant incorporates all prior paragraphs of this Answer as if fully restated herein.

69. Defendant admits Plaintiff purports to assert claims on behalf of the collective identified in Paragraph 69. Defendant denies that collective treatment is warranted or appropriate and denies all allegations in Paragraph 69 not expressly admitted herein.

70. The allegations in Paragraph 70 state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits it employs employees. Defendant denies all allegations in Paragraph 70 not expressly admitted herein.

71. The allegations in Paragraph 71 state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 71.

72. The allegations in Paragraph 72 state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 72.

73. The allegations in Paragraph 73 state a legal conclusion to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 73.

74. Defendant is without information sufficient to admit or deny the allegations in Paragraph 74 and therefore denies them.

75. Defendant is without information sufficient to admit or deny the allegations in Paragraph 75 and therefore denies them.

76. Defendant is without information sufficient to admit or deny the allegations in Paragraph 76 and therefore denies them.

77. Defendant is without information sufficient to admit or deny the allegations in Paragraph 77 and therefore denies them.

78. Defendant admits Paragraph 69 of the Complaint purports to define a putative collective. Defendant denies collective treatment is warranted or

appropriate and further denies all allegations in Paragraph 78 not expressly admitted herein.

79. Defendant denies the allegations in Paragraph 79.

**B.    FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

80. Defendant denies the allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81.

82. Defendant denies the allegations in Paragraph 82.

83. Defendant denies the allegations in Paragraph 83.

84. Defendant denies the allegations in Paragraph 84.

85. Defendant denies the allegations in Paragraph 85.

86. Defendant denies the allegations in Paragraph 86.

**C.    COLLECTIVE ACTION ALLEGATIONS**

87. Defendant incorporates all prior paragraphs of this Answer as if fully restated herein.

88. Defendant admits Plaintiff purports to bring claims on behalf of a collective. Defendant denies collective treatment is warranted or appropriate and further denies all allegations in Paragraph 88 not expressly admitted herein.

89. Defendant denies the allegations in Paragraph 89.

90. Defendant admits Paragraph 69 purports to define a collective. Defendant denies collective treatment is warranted or appropriate and further denies all allegations in Paragraph 90 not expressly admitted herein.

91. Defendant denies the allegations in Paragraph 91.

92. Defendant denies the allegations in Paragraph 92.

93. Defendant denies the allegations in Paragraph 93.

94. Defendant admits its employees are entitled to be properly compensated according to the law. Defendant denies all allegations in Paragraph 94 not expressly admitted herein.

95. Defendant denies the allegations in Paragraph 95.

96. Defendant denies the allegations in Paragraph 96.

97. Defendant denies the allegations in Paragraph 97.

98. Defendant denies the allegations in Paragraph 98.

## COUNT TWO

### (Michigan Class Action Allegations)

**A. VIOLATIONS OF MICHIGAN COMMON LAW**

99. Defendant incorporates all prior paragraphs of this Answer as if fully restated herein.

100. The allegations in Paragraph 100 state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 100.

101. Defendant admits Paragraph 101 purports to define a class. Defendant denies class treatment is warranted or appropriate. Defendant denies all allegations in Paragraph 101 not expressly admitted herein.

102. Defendant denies the allegations in Paragraph 102.

103. Defendant denies the allegations in Paragraph 103.

104. Defendant denies the allegations in Paragraph 104.

105. Defendant denies the allegations in Paragraph 105.

106. Defendant denies the allegations in Paragraph 106.

107. Defendant denies the allegations in Paragraph 107.

108. Defendant denies the allegations in Paragraph 108.

109. Defendant denies the allegations in Paragraph 109.

**B.    MICHIGAN CLASS ACTION ALLEGATIONS**

110. Defendant admits Plaintiff purports to bring claims on behalf of a class. Defendant denies class treatment is warranted or appropriate and denies all allegations in Paragraph 110 not expressly admitted herein.

111. Defendant denies the allegations in Paragraph 111.

112. Defendant denies the allegations in Paragraph 112.

113. Defendant denies the allegations in Paragraph 113.

114. Defendant denies the allegations in Paragraph 114.

115. Defendant is without information sufficient to admit or deny the allegations in Paragraph 115 and therefore denies them.

116. Defendant denies the allegations in Paragraph 116.

117. Defendant denies the allegations in Paragraph 117.

## VI. RELIEF SOUGHT

118. Defendant denies the allegations in Paragraph 118, including all subparagraphs.

119. Defendant denies all allegations in the Complaint not expressly admitted herein.

## **AFFIRMATIVE DEFENSES**

120. The Complaint fails to state a claim upon which relief may be granted.

121. Compensatory damages, punitive damages, and/or attorneys' fees are not available for some or all of the causes asserted.

122. Plaintiff is not similarly situated to members of the putative class or collective.

123. Plaintiff's claims are subject to an arbitration agreement and are improperly before this Court.

124. Plaintiff's alleged damages are speculative and thus unavailable as a matter of law.

125. An award of punitive damages in this action would be unconstitutional.

126. Defendant pleads and relies upon all defenses, express or implied, contained in the Fair Labor Standards Act and any and all cases or regulations related thereto.

127. Any alleged violations of the FLSA were not willful and were not done with knowing or reckless disregard for the provisions of the FLSA.

128. Defendant has at all times acted in good faith.

129. Any claims for wages asserted herein may be barred, in whole or in part, by payment of compensatory, overtime, or other payments that may be lawfully credited against wages due.

130. Defendant is entitled to offset Plaintiff's damages, if any, by an amount equal to any overpayment of wages or other compensation.

131. Class or collective treatment is inappropriate. Defendant pleads and relies upon all defenses, express or implied, contained in Federal Rule of Civil Procedure 23.

132. Plaintiff has suffered no damages as a result of the alleged conduct of Defendant. Any alleged damages suffered by Plaintiff are the result of her own conduct or omissions or of the conduct or omissions of other parties.

133. Plaintiff's claims are barred by the equitable doctrines of release, waiver, estoppel, unclean hands, and laches.

134. Plaintiff's claims are barred to the extent Plaintiff seeks payment for hours Plaintiff chose to not report.

135. Defendant reserves the right to assert additional defenses and affirmative defenses as they may become available or apparent during the course of this litigation.

WHEREFORE, having fully answered the Complaint, Defendant requests that judgment be awarded to Defendant, that the Complaint be dismissed with prejudice and at Plaintiff's cost, and that the Court award Defendant costs and attorneys' fees and any other further relief at law or in equity that is just and proper.

/s/ *Jeremy D. Smith*
Jeremy D. Smith (OH 0088539)
DINSMORE & SHOHL LLP
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: (513) 977-8200
Facsimile: (513) 977-8141
jeremy.smith@dinsmore.com

**Counsel for Defendant**

## CERTIFICATE OF SERVICE

      I hereby certify that I filed the foregoing motion via the Court's CM/ECF filing system, which will serve a copy to all counsel of record, on September 6, 2023.

                                            */s/ Jeremy D. Smith*
                                            Jeremy D. Smith